In the Matter of SHELL MATERIALS, INC., Debtor.

SHELL MATERIALS, INC., Plaintiff,

v.

FIRST BANK OF PINELLAS COUNTY, Defendant.

Bankruptcy No. 84–1710.
Adv. No. 84–331.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 8, 1985.

See also Bkrtcy., 50 B.R. 44.

Albert I. Gordon, Tampa, Fla., for plaintiff.

Don M. Stichter, Tampa, Fla., for defendant.

Bruce Marger, St. Pete, Fla., for defendant.

MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 Reorganization case and the immediate matter under consideration involves an adversary proceeding initiated by Shell Materials, Inc. (Debtor), who filed a five count Complaint against First Bank of Pinellas County (Bank). The Debtor filed a Motion for Summary Judgment as to Count I of the Complaint, alleging that there are no material issues of fact and that the controversy can be resolved in favor of the Debtor as a matter of law.

In Count I of the Complaint, the Debtor alleges that the Bank, a secured creditor, violated § 697.05 Florida Statutes by failing to include statutorily required language on a balloon mortgage. The Debtor seeks (1) an extension of the annual payments until October 20, 1993 with payments to be credited to principal only; a forfeiture of interest; and, a forfeiture of attorneys' fees and other collection charges that have been paid by the Debtor.

Both parties agree that the material facts as to Count I of the Complaint are

without dispute and the controversy may be resolved as a matter of law. The relevant facts may be summarized as follows:

On March 1, 1982, the Debtor executed and delivered to the Bank of Coral Gables a note and mortgage encumbering certain real property to secure an indebtedness of $250,000. The mortgage includes a "future advance" clause to secure a maximum of $1,500,000. On March 31, 1982, the mortgage was assigned to the Bank and on April 1, 1982, the Bank and the Debtor executed a mortgage modification agreement which specified a request for an advance of $500,000 pursuant to the future advance clause in the March 1 mortgage. On April 5, 1982, the Debtor executed a Receipt of Advance of $500,000 "... as a mortgage loan under the provisions for future advances in the mortgage recorded in Official Records Book 3918, Page 1592, of the Public Records of Hillsborough County ..."

On October 20, 1982, the Debtor executed and delivered to the Bank a promissory note in the amount of $487,500 and a mortgage which was recorded in Official Record Book 4016 Page 490 of the Public Records of Hillsborough County. The mortgage encumbers the identical property that stands as security for the March 1, 1982 mortgage and the April 1, 1982 advance.

It is the October 20, 1982 note and mortgage which form the basis of the controversy. The October 20 note provides as follows:

Interest shall be due and payable quarterly with the first such payment being due January 20, 1983. Principal payments in the amount of $48,150 shall be due and payable annually with the first such payment being due October 20, 1983. This is a balloon note and the entire remaining principal plus accrued interest, if any, shall become due and payable in full on October 20, 1987.

The mortgage also states at the top of the first page and also on the last page just above the signatures:

THIS IS A BALLOON MORTGAGE. THE ENTIRE REMAINING PRINCIPAL BALANCE PLUS ACCRUED INTEREST, IF ANY, SHALL BECOME DUE AND PAYABLE IN FULL ON OCTOBER 20, 1987.

Section 697.05 Fla.Stat. (1983) provides as follows:

.697.05 Balloon mortgages; scope of law; definition; requirements as to contents; penalties for violations; exemptions

(1) Any conveyance, obligation conditioned or defeasible, bill of sale or other instrument of writing conveying or selling real property for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held to be a mortgage, and shall be subject to the provisions of this section.

(2)(a) 1. Every mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the mortgage shall be deemed a balloon mortgage; and, except as provided in subparagraph 2., there shall be printed or clearly stamped on such mortgage: THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS $........., TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

(2) In the case of any balloon mortgage securing the payment of an obligation the rate of interest on which is variable or is to be adjusted or renegotiated periodically:

(a) The balance due upon maturity shall be calculated on the assumption that the initial rate of interest will apply for the entire term of the mortgage;

(b) The legend shall disclose that the stated balance due upon maturity is an approximate amount based on such assumption; and

(c) A legend in the following form suffices to comply with the requirements of this section: THIS IS A BALLOON MORTGAGE SECURING A VARIABLE (adjustable; renegotiable) RATE OBLIGATION. ASSUMING THAT THE INITIAL RATE OF INTEREST WERE TO APPLY FOR THE ENTIRE TERM OF THE MORTGAGE, THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY WOULD BE APPROXIMATELY $....., TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE. THE ACTUAL BALANCE DUE UPON MATURITY MAY VARY DEPENDING ON CHANGES IN THE RATE OF INTEREST.

(2)(b) This legend including the total amount due upon maturity shall appear at the top of the first page or face sheet of the mortgage and also immediately above the place for signature of the mortgagor. The legend shall be conspicuously printed or stamped in type as large as the largest type used in the text of the instrument, either as an over-print or by a rubber stamp impression.

(3) Failure of a mortgagee, creditor or a third party in trust for a mortgagee or creditor to comply with the provisions of this section shall automatically extend the maturity date of such mortgage in the following manner: The final payment or the balance due and payable is to be divided by the regular monthly or periodic payment and the quotient so secured is to be the number of months or periods the maturity date of the mortgage is extended. The mortgagor shall continue to make such monthly or periodic payments until the principal of the mortgage is paid. All such payments shall be credited to the principal only.

(4) Any mortgagee, creditor, bona fide holder, assignee, transferee, endorsee, or any agent, officer, or other representative of any such person violating the provisions of this section shall forfeit the entire interest charged, contracted to be charged or reserved under any such mortgage written in violation of this section, and only the principal sum of such mortgage can be enforced in any court in this state, either at law or in equity. Any interest, collection charge or attorney fee that has been paid or reserved or contracted for, either directly or indirectly, shall be forfeited to the person or mortgagor presently obligated under such mortgage.

(5) This section does not apply to the following:

(a) Any mortgage in effect prior to January 1, 1960;

(b) Any first mortgage;

(c) Any mortgage created for a term of more than five years;

(d) Any mortgage, the periodic payments on which are to consist of interest payments only, with the entire original principal sum to be payable upon maturity.

(e) Any mortgage securing an extension of credit in excess of $500,000.

It is the Debtor's position that the Bank failed to comply with the "balloon mortgage statute" inasmuch as the language printed on the mortgage fails to track the statutory language. That is, the mortgage fails to specify the amount due upon maturity. Thus, in reliance on *Overlook v. Marshall*, 363 So.2d 131 (Fla. 4th DCA 1978) *cert. denied* 368 So.2d 1372 (1979), the Debtor urges this Court to enter judgment and impose the statutory penalties against the Bank.

In response, the Bank contends that (1) the Bank substantially complied with the statute and substantial compliance is sufficient; (2) that the mortgage is excepted by § 697.05(5)(e) (excepts extension of credit in excess of $500,000) because this loan is actually secured by the original mortgage of March 1, 1982 by virtue of the future advance clause contained therein, and therefore, the total indebtedness far exceeds $500,000; and (3) to apply the balloon mortgage statute to this mortgage would violate Art. I, § 9 Fla. Const. and the Fifth and Fourteenth Amendments of the U.S. Constitution.

The Court considered the Bank's arguments and finds each without merit for the following reasons: First, the constitutionality of § 697.05 Fla.Stat. has been considered and was upheld by Florida Supreme Court in the case of *Winner v. Westwood*, 237 So.2d 151 (Fla.1970); *see also, Overstreet v. Bishop*, 343 So.2d 958 (Fla. 1st DCA 1977). Likewise, this Court is satisfied that the statute does not deprive the Bank of any rights under the Fifth and Fourteenth Amendments to the United States Constitution.

Second, the Court is equally satisfied that substantial compliance with the "balloon mortgage" statute is not sufficient under the law of Florida. In *Overlock v. Marshall*, 363 So.2d 131 (Fla. 4th DCA 1978) *cert. denied,* 368 So.2d 1372 (1979), the District Court of Appeal for the Fourth Judicial District affirmed the entry of a summary judgment in favor of the mortgagor because the mortgage did not contain the language expressly required by statute. As in the case at bar, the mortgage, although in substantial compliance with the statute, failed to set forth the amount of the final payment. Despite the harsh consequences, the Court affirmed the lower court's entry of summary judgment.

Perhaps the most attractive argument advanced by the Bank is that the third extension of credit by the Bank to the Debtor was actually part of a larger credit transaction, that is, an advance contemplated and covered by a future advance clause in the original mortgage. Thus, while the balloon mortgage fails to comply with the statute, the Bank contends that this loan is excepted from the purview of the statute because the sum total of the three loans allegedly made pursuant to the original mortgage, and future advance clause far exceeds the statutory sum of $500,000. As noted earlier, the March 1, mortgage contains a future advance clause which permits additional funding not to exceed $1,500,000. Thereafter, when the Bank authorized an advance in the amount of $500,000, the Bank required the Debtor to execute a Receipt of Advance which expressly provided that the advance was made pursuant to the original mortgage.

Unlike the second advance, the third note and mortgage make no reference to the earlier documents. In fact, there is absolutely no evidence in this record that the parties ever intended the third loan to be part and parcel of the earlier transactions. In fact, the execution of the third mortgage by the parties on terms which differ substantially from those in the earlier transactions, belie a finding that the parties intended the third loan to be secured by the original mortgage.

In light of the foregoing, this Court is satisfied that the Debtor is entitled to the entry of a Summary Judgment as to Count I.

A separate final judgment will be entered in accordance with the foregoing.